[No. 3246.  Decided April 5, 1901.]

CATHERINE T. MAYNARD, *Appellant,* v. PUGET SOUND NATIONAL BANK OF SEATTLE *et al., Respondents.*

DEEDS — DESCRIPTION — CONSTRUCTION — LANDS BETWEEN HIGH AND LOW WATER OF BAY.

Where a conveyance of land abutting upon an arm of the sea describes the line as running "to Duwamish Bay; thence northerly, following the meandering of said bay," the conveyance must be construed as passing title to the tide land lying between the lines of high and low water, in the absence of anything in the deed indicating an intention to reserve the strip of land lying beyond the high water line.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

O. P. Mason and J. M. Epler, for appellant.

Preston, Carr & Gilman, Thomas B. Hardin and Pierre P. Ferry, for respondents.

PER CURIAM.—This action was instituted in the superior court of King county for the purpose of quieting title in plaintiff to the following described real estate, to-wit: All that part of lots numbered 3 and 4, in block numbered 9, Terry's Fifth Addition to the city of Seattle, lying east of the west meander line of the donation land claim of David S. Maynard, and west of the west line of Eighth street in said city, county of King and state of Washington. The plaintiff, appellant here, alleges in her complaint that said David S. Maynard is now deceased; that he was the owner in fee simple of said real estate at the time of his death; that plaintiff is now the owner in fee simple by virtue of a deed of conveyance from H. C. Maynard and Frances J. Patterson, as heirs of said David S. Maynard, deceased; that the defendants assert ownership of said real estate by virtue of some deed of conveyance which is a cloud upon plaintiff's title; and she prays that such cloud be removed and her title quieted. The defendants, respondents here, by their several answers deny that plaintiff is the owner in fee simple, or has any interest whatsoever in the property described; and they allege affirmatively that they are the owners in fee, respectively, of the undivided interests as set forth in their several answers; that they and their predecessors have been for more than ten years last past the owners of, and in the open, actual, and notorious possession of, said property; and that neither plaintiff nor any other person holding adversely to defendants has been in possession thereof within said time. It appears by the record that on July 11, 1857, said David S. Maynard, together with his wife, Catherine T. Maynard, the appellant, sold and conveyed by deed to Charles C. Terry the lands described as follows:

"Commencing at a stake 66 feet east of the northeast corner of lot 8, in block 52 (corrected to read 58), numbered and designated on D. S. Maynard's town plat of Seattle; running east to the northeast corner of said Maynard's land claim; thence south 134 rods; thence west to Duwamish Bay; thence northerly, following the meandering of said bay to the south line of said town plat of Seattle; thence east to the southeast corner of said town plat; thence north to the place of beginning; containing 260 acres more or less, together with all and singular the rights, appurtenances and hereditaments thereunto belonging or in anywise appertaining; and also all the estate, right, title and interest of the said first mentioned parties to the premises hereinbefore described and every part and parcel thereof."

Upon the death of said Terry, the lands so conveyed passed by due administration to his heirs at law, of whom the respondents are the successors in interest. The appellant claims title by a subsequent conveyance from the children of the deceased, Maynard, as his heirs at law. It does not appear from the record that there was ever any administration upon the estate of the said Maynard, nor is it shown whether he died testate or intestate. The premises in controversy consist of land situated outside of the line of high water and inside the meander line of the Maynard donation claim. The appellant's contention is that the land in controversy did not pass by Maynard's deed, on the theory that the description in Maynard's deed of the course, "thence west to Duwamish Bay; thence northerly, following the meandering of said bay to the south line of said town plat of Seattle," made high water mark on Duwamish Bay the western boundary, and therefore Maynard remained during his life time the owner of the land, and at his death his heirs became the owners thereof. Appellant's counsel in their brief concede that, if the above description includes this land, then

they have no standing in court. It appears that when Maynard conveyed to Terry, he commenced his description at the western limit on the north portion of the donation claim still owned by him and unplatted. He then ran a course to the northeast corner; thence his course was south 134 rods. It is not contended that this last named course did not extend to the south line of what still belonged to him. We think it is manifest from the whole record that such was the case. He ran thence west to Duwamish Bay. As suggested in respondents' brief, so far he had followed closely the line of his ownership, leaving nothing in himself. He thence followed the meanders of the bay to the south line of his town plat, thence along the south line of his town plat to the southeast corner of his plat, and thence along the east boundary of his plat to the point of beginning. He reserved nothing to himself on the north, east, or south boundaries, and he did not express any intention to retain anything on the west. Did he intend to convey all that he owned? It is now claimed, at a date forty years after the conveyance, that he intended to reserve on the west the land inside of his patent line covered by the ebb and flow of the tide. This land was not fit for cultivation or residence purposes, and, from all that is disclosed by the record, we do not think it would have had any material value for business purposes at that time. These facts would seem to indicate that Maynard did not intend to reserve anything in the way of tide lands or riparian rights between the upland and the bay, inasmuch as no such reservation was expressed. These circumstances are also supplemented by the testimony of the witness Whitworth, a civil engineer and surveyor, who was upon this very tract with Maynard some thirty years ago, ten years after the conveyance to Terry. Whitworth was surveying the Terry

tract and Maynard was called on to show him certain points with reference to the south line of the Maynard town plat. Maynard had prior to the Terry conveyance conveyed a tract on the south of the Terry tract to one Plummer, and in conversation with Whitworth while upon or near these same premises he called attention to the fact that the Plummer conveyance was different from the Terry conveyance in that the Plummer conveyance only "went to the shore," because it was described as "beginning at a post set upon the shore." Whitworth says that he then "surveyed it as running to deep water with the understanding that this was different from the Plummer tract, which was bounded by the shore line." It must be remembered that the description in the Terry deed is not to the *shore of the bay,* but to the *bay itself.* It is well understood that the term "shore" includes the strip of land lying between the lines of high and low water mark, and if the words of the grant were limited by "the shore," without any qualifying words to indicate whether the inner or outer line of the shore was intended, then the rule of construction might perhaps limit the grant by the inner shore line. But where there are words in the grant indicating a different intention,— that is, an intention to extend across the shore to low water mark,—such words, together with corroborating circumstances, will be construed as extending the grant to the outer shore line or low water mark. The language of this grant, "thence west to Duwamish Bay; thence northerly, following the meandering of said bay," taken with the attending circumstances already mentioned, we think must be construed as extending the grant across the shore, thus including the tide flats and the land in question.

In the case of *Snow v. Mt. Desert Island Real Estate Co.,* 84 Me. 14 (24 Atl. 429, 17 L. R. A. 280, 30 Am. St.

Rep. 331), the plaintiff sought to recover certain flats between high and low water mark of the sea at Bar Harbor, and claimed under a deed containing the following description: "Beginning at the sea." The court held that the words used intended to describe the sea side and not the land side of the shore, and that they included the shore to low water mark. We think the words in the Terry deed "to Duwamish Bay" are equivalent to the words "at the sea."

The judgment of the lower court is affirmed.